# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| v. | : | NO. 00-0094 |
| DAVID FIGUEROA | : | |

## Memorandum and Order

YOHN, J.                                                                                                                                 August __, 2007

      Defendant David Figueroa, an inmate at the Federal Correctional Institution in Fort Dix, New Jersey, has filed a motion for a new trial in light of newly discovered evidence pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The government has filed a response. For the reasons that follow, I will hold an evidentiary hearing to further consider the motion.

**I. Background**[1]

      On October 30, 1999, Police Officer Ronald Dove heard gunshots and drove toward the noise. On route, Officer Dove received a radio report stating that a man with a gun was seen driving a blue 1984 Mercury Cougar with a Pennsylvania license plate number of 4201415. (Trial Tr. 31:13-25, June 12, 2000; Def.'s Sentencing Mem. Exs. B & C.) Shortly thereafter,

---

[1] Most of the account in this section is taken from the Memorandum and Order dated September 18, 2000, wherein I denied defendant's motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. *See United States v. Figueroa*, 2000 U.S. Dist. LEXIS 13344 (E.D. Pa. Sept. 18, 2000).

Officer Dove drove by a parked Mercury Cougar fitting the description of the radio report. Although defendant was initially standing outside the parked car, he subsequently entered the car and began driving. Officer Dove followed defendant and observed him make a left turn without signaling. Officer Dove then pulled defendant over. As Officer Dove approached the car, he saw defendant bend forward in the driver's seat. Once next to the driver's door, Officer Dove asked defendant to step out of the car. As he did, Officer Dove noticed the butt of a gun sticking out from underneath the driver's seat in plain view. Officer Dove immediately handcuffed defendant and backup police officers moved defendant into a patrol car. The backup officers also moved defendant's girlfriend, Lisa Wilson, who was in the front passenger's seat, to another patrol car. Upon recovering the gun, Officer Dove determined that it was a pellet gun. He then searched farther underneath the driver's seat and discovered a package of heroin (six bundles containing a total of seventy-eight packets)$^2$ and a .22-caliber revolver. Lisa Wilson was the registered title holder of the Mercury Cougar, buy it was defendant who purchased the car with his own money and had it registered in her name. Further, defendant possessed keys to the car and had unrestricted access to it. On the day of defendant's arrest, the car was driven only by defendant.

On February 23, 2000, defendant was charged with a three-count indictment for: (1) possessing a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1); (2) carrying a firearm during and in relation to the drug trafficking crime in violation of 18 U.S.C. § 924(c); and (3) possessing a firearm having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). At trial, defendant maintained that he was not aware that the contraband–the revolver and the heroin–was in the car. Defendant admitted that he owned the

---

$^2$Totaling 2.4 grams of heroin.

pellet gun but claimed that neither the heroin nor the revolver belonged to him. Defendant further stated that on the day in question, he had a stereo system installed in the car. Upon returning home, he left the car unlocked, with the windows down, on a corner of the block on which he resides. A number of people gathered around and sat inside the car to listen to the newly installed stereo system. Both defendant and his girlfriend testified that they frequently parked the car unlocked even though they resided in a high-crime neighborhood. They also testified that drug transactions are common on the block where they reside.

On the evening in question, defendant testified that he was wrongly accused by a drug dealer named Jose[3] of "gagging," which defendant defined as taking money from drug customers without providing drugs to them (Trial Tr. 125:5-16, June 13, 2000). As a result of this accusation, defendant claimed that he physically fought with Jose. To cool off after the fight, defendant went for a walk, during which time his car was left unlocked and unattended. Upon returning, defendant testified that he saw Jose around his car. In his closing argument, defendant's counsel argued that a drug dealer selling drugs on defendant's street likely used defendant's car to store the drugs without defendant's knowledge or that drug dealers framed defendant because they thought he was "gagging" their potential drug customers.

A jury found defendant guilty of all three counts on June 14, 2000. Thereafter, defendant filed a motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. Defendant argued that there was insufficient evidence to support an inference that he knew of the contraband's presence in the car. That motion was denied. The court concluded that

---

[3]Defendant testified that Jose was also known as "Shep" but he did not know Jose's full name. (Trial Tr. 128:24-25, June 13, 2000.)

the evidence–including the contraband's proximity to defendant's position in the driver's seat, defendant's bending forward in the driver's seat prior to the search, and the discovery of the pellet gun partially concealed beneath the driver's seat–supported a reasonable juror's inference that defendant knew of the contraband's presence in the car.[4]  *United States v. Figueroa*, 2000 U.S. Dist. LEXIS 13344, at **8-14 (E.D. Pa. Sept. 18, 2000).  Defendant was subsequently sentenced to 252 months of imprisonment and three years of supervised release.  Defendant appealed, and the Third Circuit affirmed both his conviction and sentence on December 18, 2001.  The Supreme Court denied certiorari on April 22, 2002.

On August 7, 2006, defendant filed the instant motion for a new trial in light of newly discovered evidence supporting his innocence.  Defendant alleges that on March 8, 2006, Frank Justiniano, an inmate at the Federal Correctional Institution in Fairton, New Jersey, spoke with defendant's counsel over the phone and confessed that he had framed defendant by planting the revolver and heroin in defendant's car.  (Def.'s Mot. 4.)  Defendant's counsel acquired Justiniano's affidavit on June 23, 2006 and has submitted it with the instant motion.

In the affidavit, Justiniano claims he was a member of a drug-gang led by Santos Mendez.[5]  (Aff. of Justiniano ¶ 1.)  Justiniano states that he successfully persuaded Mendez, who

---

[4] The court also concluded that a reasonable jury could find defendant's claims–that he usually left his car unlocked when he parked his car–incredible in light of his testimony that he parked his car in a high-crime neighborhood and several other aspects of his testimony.  *Figueroa*, 2000 U.S. Dist. LEXIS 13344, at *11.

[5] All members of Mendez's drug-gang, including Justiniano and Mendez himself, were arrested and convicted in this district on charges related to drug trafficking.  *See United States v. Mendez*, Crim. Docket No. 03-0088.  On December 13, 2005, Mendez was sentenced to imprisonment for life.  Justiniano is currently serving sentences–totaling 120 months of imprisonment and ten years of supervised release–from two separate convictions.

4

was angered because he thought defendant was "gagging" in the gang's territory, not to kill defendant. (*Id.*) Instead, Mendez decided to frame defendant by placing a gun and drugs in his car, and then by placing an anonymous call to the police. (*Id.* ¶ 1.) Justiniano claims to have participated in carrying out Mendez's plan by placing the heroin and .22 caliber underneath the rear seat of the defendant's car on the driver's side.[6] (*Id.*) In addition, he claims to have heard Mendez anonymously calling the police to report a man with a gun driving a Mercury Cougar fitting the description of defendant's car. (*Id.*) Justiniano states that he did not confess to framing defendant earlier because he feared that Mendez would have him killed and that he would be criminally punished for participating in the framing. (*Id.* ¶ 2.) Defendant asserts that Justiniano's statement entitles him to a new trial under Rule 33.

The government, without addressing the substance of the motion, argues that the motion must be denied because it is untimely under Rule 33. Further, the government contends that Rule 45(b)(1)(B) of the Federal Rules of Criminal Procedure, which allows a court to reach the merits of an untimely motion if excusable neglect caused the untimeliness, is inapplicable to Rule 33(b)(1). The parties presented oral argument on this issue on August 9, 2007. For the reasons that follow, I conclude that Rule 45(b)(1)(B) applies to Rule 33 and will hold an evidentiary hearing to determine whether defendant meets the excusable neglect standard of Rule 45(b)(1)(B), and, if so, whether defendant is entitled to a new trial based on Justiniano's statement under the standards of Rule 33(a).

**II. Legal Standards**

---

[6]Officer Dove testified that he discovered the gun and drugs underneath the driver's seat of the car, *see Figueroa*, 2000 U.S. Dist. LEXIS 13344, at \*\*2-3, not underneath the rear seat.

Under Rule 33, a defendant can file a motion requesting the court "to vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Depending upon the grounds for the motion, subsection (b) of Rule 33 provides time frames in which a motion for a new trial should be filed:

> (1) *Newly Discovered Evidence*. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
> (2) *Other Grounds*. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33(b). Even when a motion for a new trial is filed outside the time frames allowed by Rule 33(b), Rule 45 may provide an avenue for the court to reach the merits of the motion. *See, e.g., United States v. Walton*, 2007 U.S. Dist. LEXIS 52846, at **21-22 (E.D. Pa. July 20, 2007) (applying Rule 45(b)(1)(B) to Rule 33(b)(2)); *United States v. Dade*, 2006 U.S. Dist. LEXIS 76286, at *7 (D. Idaho Oct. 19, 2006) (concluding "the Court may still consider Defendant's motion for new trial if he shows excusable neglect for not filing the motion in a timely manner").

Rule 45(b), in pertinent part, provides:

> (1) *In General*. When an act must be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . (B) after the time expires if the party failed to act because of excusable neglect.
> (2) *Exception*. The court may not extend the time to take any action under Rule 35, except as stated in that rule.

Fed. R. Crim. P. 45(b).[7] The determination of whether excusable neglect exists "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). As such, in making this determination, the court must consider four factors: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for that delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395; *see also Stutson v. United States*, 516 U.S. 193, 196 (1996) (suggesting the *Pioneer* factors apply in the criminal context); *Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assoc., L.P.*, 121 F. App'x 971, 974-76 (3d Cir. 2005) (not precedential) (discussing "excusable neglect" in the context of Fed. R. Civ. P. 60(b)(1)).

If the district court reaches the merits of a motion for a new trial based on newly discovered evidence, it may grant the motion if five requirements are satisfied:

> (a) the evidence must be in fact, newly discovered, i.e., discovered since the trial;
> (b) facts must be alleged from which the court may infer diligence on the part of the movant;
> (c) the evidence relied on, must not be merely cumulative or impeaching;
> (d) it must be material to the issues involved; and
> (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006) (quoting *United States v. Iannelli*, 528

---

[7] Rule 45(b)(2) was amended in December 2005. The former Rule 45(b)(2) provided: "The court may not extend the time to take any action under *Rules 29, 33, 34, and 35*, except as stated in those rules." Former Fed. R. Crim. P. 45(b)(2) (emphasis added). The 2005 amendment removed the constraints placed on the court with regard to motions filed under Rules 29, 33, and 34 of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 45(b)(2).

F.2d 1290, 1292 (3d Cir. 1976)). The "movant has a 'heavy burden' of proving each of these requirements." *Cimera*, 459 F.3d at 458. The district court has broad discretion in determining whether an evidentiary hearing is required to evaluate if the requirements are met. *United States v. LaFuente*, 991 F.2d 1406, 1409 (8th Cir. 1993); *see also United States v. Herman*, 614 F.2d 369, 372 (3d Cir. 1980). Likewise, "[t]he decision to grant or deny a motion for a new trial under [Rule] 33 is committed to the sound discretion of the [d]istrict [c]ourt." *Cimera*, 459 F.3d at 458 (citing *Gov't of the Virgin Islands v. Lima*, 774 F.2d 1245, 1250 (3d Cir. 1985)).

### III. Discussion

The government asserts that defendant's motion for a new trial, which was filed more than six years after he was found guilty, must be denied because it is time-barred under Rule 33(b)(1)'s three-year time limitation for motions based on newly discovered evidence. While conceding that the motion is untimely under Rule 33(b)(1), defendant contends that the court should nonetheless entertain the motion under Rule 45(b)(1)(B).[8] In response, the government argues that Rule 45(b)(1)(B) is inapplicable to Rule 33(b)(1). I conclude otherwise.

Rule 45(b)'s applicability is limited only by Rule 45(b)(2), which provides: "The court may not extend the time to take any action under Rule 35, except as stated in that rule." Fed. R.

---

[8]Defendant also argues that when a defendant has in some extraordinary way been prevented from asserting his rights and has shown reasonable diligence, Rule 33(b)(1)'s three-year time limitation can be equitably tolled. (Def.'s Mot. 8-9.) Defendant admits that he has found no case law supporting this argument. (*Id*. at 9.) Because I conclude that Rule 45(b)(1)(2)–requiring only excusable neglect–applies to Rule 33, and it is more difficult for defendant to establish reasonable diligence needed for equitable tolling than to show excusable neglect, defendant's argument need not be addressed. *See Miller v. N.J. Dep't of Corr.*, 145 F.3d 616, 618-19 (3d. Cir. 1998) (stating "petitioner must show that he or she exercised reasonable diligence in investigating and bringing claims. . . . Mere excusable neglect is not sufficient" (quotations and citations omitted)).

Crim. P. 45(b)(2). The December 2005 amendment to Rule 45(b)(2) removed the limitation on the court's ability to extend time limits for actions taken under Rule 33, as well as Rules 29 and 34. *See supra* note 7. Further, the 2005 advisory committee's note on Rule 33 states that "under Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion for new trial within the specified time, the court may nonetheless consider that untimely underlying motion if the court determines that the failure to file it on time was the result of excusable neglect." Fed. R. Crim. P. 33 advisory committee's note (2005). Finally, the case law cited by the government does not support its position as those cases dealt with Rule 45 prior to its amendment in December 2005. (Gov't Resp. 2-7.) Thus, under Rule 45(b)(1)(B), this court can reach the merits of defendant's motion for a new trial based on newly discovered evidence–which was not filed within three years from when defendant was found guilty as required by Rule 33(b)(1)–if defendant can show he "failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B); *see also Walton*, 2007 U.S. Dist. LEXIS 52846, at **21-22; *Dade*, 2006 U.S. Dist. LEXIS 76286, at *7.

      However, it remains to be seen whether defendant can meet his burden of showing that he failed to act within the past six years because of excusable neglect. *See Pioneer*, 507 U.S. at 395 (providing that a court must weigh the danger of prejudice to the non-moving party; the length of delay and its potential impact on judicial proceedings; the reason for that delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith). The parties have not addressed the substance of this issue–the briefs only address the procedural issue of whether Rule 45(b)(1)(B) is applicable to defendant's motion for a new trial under Rule 33. Further, even assuming that Rule 45(b)(1)(B) excuses defendant's

9

untimeliness under Rule 33, it is still uncertain whether he is entitled to a new trial. The government has not addressed the merits of defendant's motion. In addition, the testimony of Justiniano–defendant's new witness–is necessary to determine whether his confession: (1) is in fact newly discovered evidence, (2) is not merely cumulative or impeaching, and (3) would, on a new trial, probably produce an acquittal. *See Cimera*, 459 F.3d at 458. His testimony will also assist the court in evaluating whether facts are alleged from which the court may infer diligence on the part of defendant. *See id.*

Thus, because "Rule 33 motions are not favored and should be granted only with great caution in the most extraordinary circumstances," *United States v. Rhines*, 143 F. App'x 478, 484 (3d Cir. 2005) (not precedential) (quotations and citation omitted), I find that an evidentiary hearing is appropriate to determine: (1) whether defendant failed to file timely his motion for new trial because of excusable neglect, and, if so, (2) whether defendant is entitled to a new trial based on Justiano's statement.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| v. | : | NO. 00-0094 |
| DAVID FIGUEROA | : | |

# Order

AND NOW on this _____ day of August 2007, upon careful consideration of defendant David Figueroa's motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure and the government's response, and after oral argument, IT IS HEREBY ORDERED the motion is granted in so far as Rule 45(b)(1)(B) does apply to Rule 33 and an evidentiary hearing is scheduled for September 17, 2007 at 10:00 AM to determine whether defendant meets the excusable neglect standard of Rule 45(b)(1)(B), and, if so, whether defendant is entitled to a new trial based on Justiniano's statement under the standards of Rule 33(a).

    s/ William H. Yohn Jr.
    William H. Yohn Jr., Judge